UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 1:17-CR-39-HAB |
| | 1:22-CV-456 |
| ADONNIS CARSWELL | |

**OPINION AND ORDER**

Pending before the Court is the Defendant's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 [ECF No. 173]. Upon this Court's initial review of the Motion, as required by Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court will dismiss the Motion as untimely.

**ANALYSIS**

A court must give a § 2255 motion prompt initial review and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4 of Rules Governing Section 2255 Cases.

Section 2255 allows a person convicted of a federal crime to seek to vacate, set aside, or correct his sentence. This relief is available only in limited circumstances, such as where an error is of jurisdictional or constitutional magnitude, or where there has been an error of law that "constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *See Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (internal quotation omitted). Motions to vacate a conviction or correct a sentence ask a court to grant an extraordinary remedy to a person who has already had an opportunity of full process. *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006).

A one-year limitations period applies to a section 2255 motion. 28 U.S.C. § 2255(f). The one-year period runs from the latest of four dates: the date when the judgment of conviction became final; the date on which an unconstitutional government-imposed impediment to filing a motion was removed; the date the right asserted was initially recognized by the Supreme Court; or the date on which the facts supporting the claims could have been discovered with due diligence. *Id.* § 2255(f)(1)-(4). In Defendant's case, the only one of these dates that conceivably applies is the first. Under that provision, a defendant seeking collateral review under § 2255 will have one year from the date on which his judgment of conviction is final to file his petition, *id.* § 2255(f)(1); *see also Dodd v. United States*, 545 U.S. 353, 357 (2005).

The Defendant was sentenced on December 19, 2019, and promptly filed an appeal. The Seventh Circuit Court of Appeals affirmed his conviction on May 6, 2021. [ECF No. 172]. The Defendant did not petition for certiorari. When a petitioner unsuccessfully appeals his conviction and sentence and does not petition for a writ of certiorari, the judgment of conviction becomes final for purposes of the §2255 one-year limitation period when the time expires for filing a petition for certiorari. *Clay v. United States,* 537 U.S. 522, 524–25 (2003). But the Motion now before this Court, filed on December 12, 2022, came more than one year after the expiration of the time limit for the Defendant to seek a writ of certiorari. See Supreme Court Rule 13 (petition for certiorari timely filed within 90 days after entry of the judgment). Defendant's motion is therefore untimely unless equitable tolling of the limitations period saves the motion from untimeliness.

To invoke equitable tolling, the Defendant must establish that he has pursued his rights diligently and that some extraordinary circumstance occurred to prevent him from filing on time. *Lombardo v. United States*, 860 F.3d 547, 551 (7th Cir. 2017); *Mayberry v. Dittmann*, 904 F.3d 525, 529–30 (7th Cir. 2018). The Defendant has not asserted any grounds for equitable tolling

in his filing. There is no suggestion that the Defendant has been pursuing his rights diligently, nor has he cited to "extraordinary circumstances" that stood in the way of a timely filing. *See Holland v. Florida*, 560 U.S. 631 (2010) (holding that equitable tolling is only appropriate when an "extraordinary circumstance" stood in the way of a timely filing and the defendant has been "pursuing his rights diligently"). Accordingly, the equitable tolling doctrine does not apply to save Defendant's Motion from dismissal.

## CERTIFCATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

No reasonable jurist could conclude that the Defendant's Motion is timely. As discussed above, the Defendant has no way around the statute of limitations, and he has not presented any

extraordinary circumstances justifying equitable relief. The Court will not issue the Defendant a certificate of appealability.

## CONCLUSION

For the reasons stated above, the Court DISMISSES the Defendant's Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255(f)(4) [ECF No. 173] and DECLINES to issue a certificate of appealability.

SO ORDERED on December 14, 2022.

                                                    s/ *Holly A. Brady*
                                                  JUDGE HOLLY A. BRADY
                                                  UNITED STATES DISTRICT COURT