UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 1:17-CR-39-HAB<br>1:22-CV-456 |
| ADONNIS CARSWELL | |

## OPINION AND ORDER

Defendant Adonnis Carswell (Carswell) has filed a motion under Fed. R. Civ. P. 60(b)(4) and 62.1 asking the Court to reopen his request for habeas relief under 28 U.S.C. §2255 or to provide an indicative ruling. (ECF No. 179). At the same time he filed these motions, Carswell filed a Notice of Appeal appealing this Court's dismissal of his §2255 petition. (ECF No. 180).

Carswell's filing of a notice of appeal does not deprive a district court of jurisdiction to decide a Rule 60(b) motion. *Chicago Downs Ass'n v. Chase*, 944 F.2d 366, 370 (7th Cir. 1991). Under Rule 60(b), a court may set aside a judgment for six reasons, including as pertinent here, "the judgment is void." Fed. R. Civ. P. 60(b)(4). Relief under Rule 60(b) is an extraordinary remedy reserved for extraordinary circumstances. *See Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005); *Eskridge v. Cook Cnty.*, 577 F.3d 806, 809 (7th Cir. 2009).

In his motion, Carswell asserts that the Court's denial of his §2255 motion as untimely was based on a fraudulently filed document. He asserts that the motion (ECF No. 173) received by the Court by a third-party, Second Chance 4 R.E.A.L. in Buffalo, New York, on his behalf was fraudulent and should not have been considered by the Court. Instead, Carswell focuses on a document he filed 5 days post-judgment at ECF No. 176 which the Court construed as a supplement to his original motion. Interestingly, the content of ECF No. 176 and ECF No. 173 is virtually identical, with one exception; ECF No. 176 has a declaration under penalty of perjury

that it was deposited in the prison's mailing system for filing on July 25, 2022. Carswell filed a motion to reconsider arguing that he should have the benefit of the mailbox rule. On January 10, 2022, the Court denied the motion to reconsider specifically addressing the filing at ECF No. 176, stating:

> This document, like the first he submitted, reeks of foul fish. Carswell does not offer any explanation as to how a document placed in the prison mailing system in late July does not reach the District Court until December 19, 2022. The envelope, albeit difficult to read, shows a postmark date in December 2022, further calling into question Carswell's statement that he timely submitted his §2255 to the institution in July. Carswell has produced nothing to show that the USPS mail he claims he deposited in the institution's mail in July was returned to him nor is there any evidence that anyone at the institution misplaced or failed to mail his §2255 petition. While such evidence may be indicative of an equitable tolling argument, the Court is not willing to undertake such a review without any evidence from Carswell. Additionally, the fact that Carswell alleges that he sent his petition to the Court in July and did not follow up when he heard nothing from the Court for almost four months, demonstrates a lack of due diligence on his part. Accordingly, the Motion to Reconsider (ECF No. 177) is DENIED.

(Opinion and Order, ECF No. 178).

"Rule 60(b)(4)," authorizing reconsideration where a judgment is void, "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). Here, the Court understands Carswell to be arguing that he was denied due process when the Court relied on a fraudulently filed document and denied him §2255 relief. But the Court did consider his second filing and, it too, was filed well outside the one year limitation for filing a §2255 petition.

Carswell asserts that the court misapplied the prison mailbox rule and that filing ECF No. 176 should be considered. However, to be timely, the Court would have to believe that it took almost five months for the petition to make it from FCI Jessup to the Court. In fact, according to the postmark on the envelope, the item was mailed in December 2022 and received by the Court

on December 19, 2022. For the court to accept Carswell's statement that he mailed his petition on July 25, 2022, the Court would have to believe that it lingered in the prison mail system for five months. Unfortunately, there is no independent notation indicating when the document was delivered to prison officials such as an institution's dated stamp but, based upon the Court's regular and extensive experience with matters mailed from incarcerated individuals, the Court finds the conclusion that it took five months to make it from an inmate to the United States Postal Service to be wholly incredible. It is even completely inconsistent with the other actions in this case as it appears that Carswell's various post-judgment motions have been received promptly from FCI Jessup by this Court.

Accordingly, the Court DENIES Carswell's Motion for Relief from Judgment. (ECF No. 179). The Court also DENIES Carswell's alternate request for relief for an indicative ruling under Fed. R. Civ. P. 62.1 because no "request for relief has been made that the court lacks authority to grant" as required for such a ruling.

SO ORDERED on February 6, 2023.

                                            s/ Holly A. Brady
                                            JUDGE HOLLY A. BRADY
                                            UNITED STATES DISTRICT COURT