UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 1:17-CR-39-HAB<br>1:22-CV-456 |
| ADONNIS CARSWELL | |

**OPINION AND ORDER**

Defendant Adonnis Carswell (Carswell) has filed a motion asking the Court to reconsider its dismissal of his petition under 28 U.S.C. §2255 as untimely. (ECF Nos. 174, 177). For the reasons below, the Motion to reconsider (ECF No. 177) will be denied.

In his motion, Carswell asserts that an error of law occurred and that under the prison mailbox rule his §2255 petition was timely filed on July 25, 2022. Carswell also states that his §2255 petition was submitted "with a declaration under penalty of perjury of the date of deposit." Defendant is correct that his filing has a declaration that the Motion was placed in the prison mailing system on August 3, 2022, but it also states that it was "resubmitted on 12/1/2022". (ECF No. 173 at 12). The return address of the filing the Court received is Second Chance 4 R.E.A.L. in Buffalo, New York and the postage date is December 9, 2022. Defendant's filing was received by the Clerk and filed on December 12, 2022. This Court had not received any §2255 filing directly from Carswell prior to the Court's entry of its dismissal order.

When a defendant asserts the prison mailbox rule "to give a court jurisdiction over a matter that would otherwise be time-barred, the court has an independent duty to ensure that the prisoner actually sent his mail when he says he did." *Taylor v. Brown*, 787 F.3d 851, 860 (7th Cir. 2015). The burden of proving the date of the mailing rests on the plaintiff who is seeking to establish jurisdiction. *See Craig v. Ontario Corp.*, 543 F.3d 872, 876 (7th Cir. 2008).

Normally, an inmate's declaration satisfies this burden of proof. "At times, however, the inmate's affidavit or declaration will not satisfy his burden of proof… If an allegation is contested by the defense 'or seems fishy' to the court, the inmate must support it 'by facts presented in affidavits or, if appropriate, hearings.'" *May v. Mahone,* 876 F.3d 896 (7th Cir. 2017). In this case, there is plenty about Carswell's filing that "seems fishy." First, to get the benefit of the legal mail rule, it goes without saying that the inmate must deposit the filing with the institution *for mailing to the court*. But Carswell's filing was not mailed to the Court from the institution in which he is incarcerated. Instead, a third party mailed the filing to the Court and did so well outside Carswell's deadline. For this reason alone, the Court's determination that Carswell's filing is untimely is appropriate.

Five days after the Court's dismissal of this action, the Court received a second filing – this time with a return address from the institution where Carswell is confined. (ECF No. 176). This filing appears to be similar, if not identical, to the filing the Court received on December 12, 2022, with one exception; it has a declaration under penalty of perjury that it was deposited in the prison's mailing system for filing on July 25, 2022.[1] It is on this basis he contends that he should have the benefit of the mailbox rule.

This document, like the first he submitted, reeks of foul fish. Carswell does not offer any explanation as to how a document placed in the prison mailing system in late July does not reach the District Court until December 19, 2022. The envelope, albeit difficult to read, shows a postmark date in December 2022, further calling into question Carswell's statement that he timely submitted his §2255 to the institution in July. Carswell has produced nothing to show that the

---

[1] Why the first filing with the Court has a certification of August 3, 2022, and a "resubmission" date of December 1, 2022, and the second filing has a July 25, 2022, certification is a mystery. Also, the signatures on the two filings are clearly different with the latter one appearing to be signed by Carswell and the former by someone unknown.

USPS mail he claims he deposited in the institution's mail in July was returned to him nor is there any evidence that anyone at the institution misplaced or failed to mail his §2255 petition. While such evidence may be indicative of an equitable tolling argument, the Court is not willing to undertake such a review without any evidence from Carswell. Additionally, the fact that Carswell alleges that he sent his petition to the Court in July and did not follow up when he heard nothing from the Court for almost four months, demonstrates a lack of due diligence on his part. Accordingly, the Motion to Reconsider (ECF No. 177) is DENIED.

    SO ORDERED on January 10, 2023.

                                          s/ Holly A. Brady
                                          JUDGE HOLLY A. BRADY
                                          UNITED STATES DISTRICT COURT